**Order entered September 24, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00621-CR

## BYRON KEITH BOOKER, Appellant

### V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 291st Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F09-58130-U

## ORDER

On August 10, 2015, the Court sent the trial court a letter stating the amended certification reflecting appellant waived his right to appeal did not appear to be accurate. Specifically, nothing in the written plea agreement form nor the reporter's record from the hearing on the State's motion to proceed to adjudicate guilt showed appellant waived his right to appeal. We asked the trial court to review the record and file an amended certification that accurately reflects the proceedings or written documentation supporting the certification already filed. To date, we have had no response from the trial court. Additionally, appellant's brief is overdue.

Accordingly, we **ORDER** the trial court to do the following.

- The trial court shall determine whether the certification that states appellant waived the right to appeal is supported by the clerk's and reporter's records. If the trial court determines that the certification is accurate, the trial court's findings shall include specific references to the portions of the record that support the certification. If the trial court determines that appellant did not waive his right to appeal, the trial court is **ORDERED** to prepare an amended certification that accurately reflects the trial court proceedings regarding the hearing on the motion to adjudicate guilt.

- The trial court shall next determine why appellant's brief has not been filed. In this regard, the trial court shall make appropriate findings and recommendations and determine whether appellant desires to prosecute the appeal, whether appellant is indigent, or if not indigent, whether retained counsel has abandoned the appeal. *See* TEX. R. APP. P. 38.8(b). If the trial court cannot obtain appellant's presence at the hearing, the trial court shall conduct the hearing in appellant's absence. *See Meza v. State*, 742 S.W.2d 708 (Tex. App.–Corpus Christi 1987, no pet.) (per curiam). If appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel.

We **ORDER** the trial court to transmit a record of the proceedings, which shall include written findings of fact, any supporting documentation, and any orders, to this Court within **THIRTY DAYS** of the date of this order. If the trial court prepares an amended certification of appellant's right to appeal, the supplemental record shall contain that amended certification.

We **DIRECT** the Clerk to send copies of this order to the Honorable Stephanie Mitchell, Presiding Judge, 291st Judicial District Court; Felicia Pitre, Dallas County District Clerk; and to counsel for all parties.

We **ABATE** the appeal to allow the trial court to comply with the above order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received.

/s/     ADA BROWN
         JUSTICE